UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

EARL FOY, JR.,

    Plaintiff,

v.

J. GILLEY, Warden, et al.,

    Defendants.

Civil Action No. 6: 24-97-KKC

**MEMORANDUM OPINION AND ORDER**

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Earl Foy, Jr. is a federal inmate confined at the United States Penitentiary – McCreary in Pine Knot, Kentucky. Foy has filed a *pro se* civil rights complaint pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). The Court granted his motion to proceed *in forma pauperis* in a prior Order. [R. 3] This matter is before the Court to conduct the preliminary screening required by 28 U.S.C. §§ 1915(e)(2), 1915A. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

Foy alleges that on February 17, 2023, he stepped in a puddle of water and slipped. He fell on his back, causing pain and swelling that a nurse later treated by giving him two injections. The water, Foy claims, came from a leak in the ceiling just outside of his cell. Foy asserts that the leak was the result of prison officials' failure to adhere to unidentified regulations promulgated by the Occupational Safety and Health Administration ("OSHA"). Foy sues Warden J. Gilley, Unit Manager R. Clark, and Unit Counselor R. Brooks for failing to properly maintain the facility in compliance with OSHA regulations by repairing the leaky roof. [R. 1 at 1-3] Foy asserts violation of his rights under the Eighth Amendment and OSHA regulations. *Id*. at 4.

Foy filed two inmate grievances regarding the medical care he received after the fall. Notably, none of Foy's grievances or appeals complained about the leak itself, the hole in the ceiling that Foy believes caused it, or the asserted negligence in maintaining the ceiling. Instead, in March 2023 and again in November 2023 Foy filed grievances with the warden complaining that he was not receiving adequate medication to treat his back pain. Foy appealed the warden's denial of the first grievance to the regional office, which was promptly denied. *See* [R. 1-1 at 1-4] Foy indicates that he did not appeal that determination to the Central Office. *See* [R. 1 at 4] Instead, Foy states that he filed a "tort claim." *See id*. This appears to be a reference to Foy's request for administrative settlement under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80 ("FTCA"). Foy did not attach to his complaint the settlement request itself, but the Bureau of Prisons denied his request on January 3, 2024, stating at length that there was no evidence of a leak and no evidence that Foy suffered any meaningful injury from his fall. *See* [R. 1-1 at 5-7]

The Court has reviewed Foy's complaint and the materials he has filed in support of it, and will dismiss this action for several reasons. Foy's complaint establishes that he failed to exhaust his administrative remedies. Federal law requires a prisoner to fully utilize the prison's inmate grievance system before filing suit to assert a civil claim regarding the conditions of his confinement. 42 U.S.C. § 1997e(a); *Jones*, 549 U.S. at 211 ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."). The Court may dismiss a complaint upon initial screening where the failure to exhaust is apparent from the face of the complaint. *Cf. Jones v. Bock*, 549 U.S. 199, 215 (2007); *Shah v. Quintana*, No. 17-5053, 2017 WL 7000265, at *1 (6th Cir. July 17, 2017).

Foy's failure to satisfy the exhaustion requirement is two-fold. First, Foy filed grievances at the institutional level and appealed to the regional office, but he then failed to appeal to the BOP's Central Office, abandoning the grievance process before completion. By failing to invoke the full measure of relief afforded under the BOP's grievance process, Foy failed to exhaust his administrative remedies. *Cf. Liggett v. Mansfield*, 2009 WL 1392604, at *2-3 (E.D. Tenn. May 15, 2009) ("A prisoner who files a grievance but does not appeal to the highest possible administrative level, does not exhaust available administrative remedies.") (*citing Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999)).

Second, the grievances that Foy filed related only to the medical care he had received after his fall; he did not assert or even suggest that staff negligence caused the leak or his fall. By failing to complain about maintenance near his cell, the resulting leak, or anything related to the *cause* of his fall, Foy failed to exhaust the claims he now asserts before this Court because he effectively deprived prison officials of a meaningful opportunity to address them in his grievances. *Cf. Johnson v. Johnson*, 385 F.3d 503, 517 (5th Cir. 2004) ("As a practical matter, the amount of information necessary will likely depend to some degree on the type of problem about which the inmate is complaining."); *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009) ("A grievance need not include legal terminology or legal theories *unless they are in some way needed to provide notice of the harm being grieved*.") (emphasis added); *Pruitt v. Holland*, No. 10-CV-111-HRW, 2011 WL 13653 (E.D. Ky. Jan. 4, 2011).

Finally, there is no *Bivens* cause of action for conduct alleged. Through its decisions in *Ziglar v. Abbasi*, 127 S.Ct. 1843 (2017) and *Egbert v. Boule*, 142 S. Ct. 457 (2021), the Supreme Court has made clear that *Bivens* is a remedy available only in "limited settings." *See Ziglar*, 127 S.Ct. at 1857. Foy's claims arise in a context completely different from those where the

3

Supreme Court has approved a cause of action under *Bivens*, and numerous factors counsel against implying a brand new *Bivens* remedy in the circumstances here, including the presence of alternative means for Foy to vindicate his rights and/or seek redress.  *Cf. Jones v. Pollock Bureau of Prisons*, No. 1:22-CV-01472 SEC P, 2022 WL 16568474, at *2 (W.D. La. Oct. 3, 2022), *report and recommendation adopted*, No. 1:22-CV-01472, 2022 WL 16558733 (W.D. La. Oct. 31, 2022) (dismissing *Bivens* claims for "negligence" under *Ziglar*, in part due to available remedies under the BOP's administrative remedy program and under the FTCA); *Thomas v. Forrest City Corr. Complex Medium*, No. 2:22-CV-03-BSM-JJV, 2022 WL 22236552, at *2 (E.D. Ark. Mar. 8, 2022) (dismissing prisoner's *Bivens* claim for "forcing him to walk through raw sewage on his way to the dining hall.").

The Court separately notes that while Foy sought administrative settlement of a claim under the FTCA, he does not assert such a claim here.  Foy does not identify the FTCA as a basis for any claim in his complaint, and he does not name the United States as a defendant.  While Foy names the three BOP officers as defendants, the "FTCA clearly provides that the United States is the only proper defendant in a suit alleging negligence by a federal employee."  *Mynatt v. United States*, 45 F.4th 889, 894 n.1 (6th Cir. 2022) (*quoting Allgeier v. United States*, 909 F.2d 869, 871 (6th Cir. 1990)).  The failure to name the proper defendant would deprive the Court of subject matter jurisdiction over a FTCA claim even if Foy had asserted one.  *Cf. Adu-Beniako v. Reimann*, No. 21-2978, 2022 WL 4538372, at *3 (6th Cir. July 12, 2022) ("An FTCA claim naming only an agency and individual employees fails to bestow jurisdiction.") (*citing Good v. Ohio Edison Co.*, 149 F.3d 413, 418 (6th Cir. 1998)); *see also Jude v. Comm'r of Soc. Sec.*, 908 F.3d 152, 157 n.4 (6th Cir. 2018).

Accordingly, it is **ORDERED** as follows:

1. Earl Foy's complaint [R. 1] is **DISMISSED**.

2. This matter is **STRICKEN** from the docket.

Entered: November 13, 2024.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY